```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**RICO MITCHELL,**            \*
                              \*
    **Plaintiff,**       \*
                              \* CIVIL ACTION NO. 24-00304-KD-B
**vs.**                       \*
                              \*
**PERDIDO TRUCKING,**         \*
                              \*
    **Defendant.**       \*

## ORDER

This action is before the Court on Plaintiff's motion requesting reconsideration of the denial of his motion to compel. (Doc. 38). Upon consideration, the motion is **DENIED**.

### I.  Background

Plaintiff, proceeding without counsel, filed the instant employment discrimination action against his former employer. (Doc. 1). Following a scheduling conference with the Court on October 11, 2024, Plaintiff filed a document titled "Brief".[1] (Doc. 25). The document contains various factual allegations and what appears to be case citations. (Id.). Plaintiff later filed a motion to compel Defendant to file a response to his brief. (Doc. 33). Upon consideration, the Court denied Plaintiff's motion and observed that the brief was neither ordered nor

---

[1] At an in-person scheduling conference on October 11, 2024, the Court discussed Plaintiff's rights and responsibilities as a pro se litigant in federal court.

authorized by the Court. (Id. at 2).  The Court also explained to Plaintiff that his brief did not constitute a proper form of discovery, and that if he wished "to serve written discovery requests upon the Defendant, he was required to do so in the form of written interrogatories, see Fed. R. Civ. P. 33, requests for production of documents, see Fed. R. Civ. P. 34, or requests for admissions, see Fed. R. Civ. P. 36." (Id.).  Rather than adhering to the Court's instructions and serving proper written discovery on Defendant, Plaintiff filed the instant motion asking the Court to reconsider the denial of his motion to compel.

**II. Legal Standard**

Reconsideration is an extraordinary remedy which will be granted only upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. Fla. Coll. of Osteopathic Med. Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted).  A motion for reconsideration is "not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Roberts v.

I.R.S., 2014 U.S. Dist. LEXIS 3225, 2014 WL 103881, at *1 (M.D. Fla. Jan. 10, 2014). Instead, the moving party must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision". Galati v. Royal Caribbean Cruises Ltd., 2024 U.S. Dist. LEXIS 97750 at *4, 2024 WL 2815281 at *2 (S.D. Fla. May 29, 2024) (quoting Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2002)) (other citations omitted). Plaintiff has not set forth any facts or law which warrant reconsideration of the Court's prior ruling. A brief is not a proper form of discovery and the fact that Plaintiff is proceeding without counsel does not excuse him from submitting discovery requests that are in the proper format and that comply with the Federal Rules of Civil Procedure.

### III. Conclusion

Plaintiff has failed to demonstrate why the extraordinary remedy of reconsideration is warranted here. Accordingly, his motion seeking reconsideration is **DENIED**.

**DONE** this **26th** day of **November, 2024.**

                                                  **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**