**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICO MITCHELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 24-00304-KD-B** |
| | ) | |
| **PERDIDO TRUCKING, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

The action is before the Court on pro se Plaintiff Rico Mitchell's "Motion to Object to Magistrate's Order" (doc. 41). Mitchell objects to Magistrate Judge Sonja F. Bivins' decision to deny his motion to compel Defendant Perdido Trucking LLC to respond to his brief.

As background, Mitchell's action was transferred from the Southern District of Mississippi. A scheduling conference was held on October 11, 2024, and the Rule 16(b) Scheduling Order was entered on October 16, 2024. After the conference, Mitchell filed his brief (doc. 25). The brief is largely a narrative of events which occurred during his employment with Perdido but contains citations to law regarding establishing a prima facie case of discrimination or retaliation under Title VII and citation to the anti-discrimination provision in the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. § 31105.

Mitchell then filed a motion to compel a response from Perdido (doc. 33). He explained that the "brief was filed with an initial disclosure and motion for counsel, the court denied the motion for counsel. This brief is a form of discovery, the plaintiff cannot afford the rich and expens[ive] method." (Id.). Mitchell argued that "[w]ithout the methods that the plaintiff is trying to use to obtain information, and within the scope of FRAP would make this a violation of

due process" (Id.).  Mitchell appears to have argued that his due process rights would be violated if Judge Bivins did not compel a response to his brief.  He also asked for a stay of discovery until this matter was resolved

The motion to compel and to stay were denied (doc. 35). Judge Bivins explained that Mitchell had not followed the procedure for conferencing with opposing counsel to resolve discovery disputes outlined in the Rule 16(b) Scheduling Order.  Judge Bivins also explained that

> More substantively, the rambling "Brief" filed by Mitchell on October 11, 2024 (Doc. 25), was neither ordered nor authorized by the Court, and no response by Defendant is required. Contrary to Mitchell's misunderstanding, his brief is not a proper form of discovery. If Mitchell wishes to serve written discovery requests upon the Defendant, he must do so in the form of written interrogatories, see Fed. R. Civ. P. 33, requests for production of documents, see Fed. R. Civ. P. 34, or requests for admissions, see Fed. R. Civ. P. 36. Additionally, Mitchell is reminded that he must strictly comply with the discovery limits and procedures set forth in the Rule 16(b) scheduling order.

(Doc. 35).

Instead of following the guidance offered by Judge Bivins, and filing written interrogatories, requests for production of documents or requests for admission, Mitchell filed a motion for reconsideration (doc. 38).  Again, he asked Judge Bivins to order Perdido to respond to the brief and argued that the "brief is a form of discovery" (Id.) He also argued that denying a response to his brief is a due process violation because Judge Bivins "rigorously questioned" him "about the merits of this case"[1] which supplied Perdido with "more information, and did not question the defendants" (Id.).  To show an attempt to confer, Mitchell attached a series of emails with opposing counsel, wherein he asks for a response and opposing counsel explains that a response was not required and that the Court had not ordered a response (doc. 38-3).

---

[1] The questioning appears to have occurred at the Scheduling Conference.

Judge Bivins denied the motion for reconsideration (doc. 40). Judge Bivins reiterated her decision and guidance from the prior order and stated that "[r]ather than adhering to the Court's instructions and serving proper written discovery on Defendant, Plaintiff filed the instant motion asking the Court to reconsider the denial of his motion to compel." (Id.). Judge Bivins explained that

> Plaintiff has not set forth any facts or law which warrant reconsideration of the Court's prior ruling. A brief is not a proper form of discovery and the fact that Plaintiff is proceeding without counsel does not excuse him from submitting discovery requests that are in the proper format and that comply with the Federal Rules of Civil Procedure.

(Doc. 40, p. 3).

Now, Mitchell asks this Court to set aside Judge Bivins' orders and order Perdido to respond to his brief (doc. 41). He points out that he "filed the brief before the discovery portion of this case and mentioned it to Ms. Cooper during the joint stipulation meeting." (Id.). This appears to be his attempt to remove the brief from the discovery phase of the litigation to circumvent the rules of procedure applicable to discovery. He also states that the "brief was accepted by the Clerk, Ms. Cooper, and Judge Bivins without objection", which appears to be an attempt to show that filing the brief was procedurally proper.

Again, he raises a due process argument by arguing that he was "questioned rigorously by Magistrates in Mississippi and Alabama allowing the defendants access to information courtesy of the courts" and "on neither occasion was the plaintiff afforded the same opportunity" (Id.) Thus, Mitchell appears to believe that he will only have due process if the Court orders Perdido to respond to his brief.

Non-dispositive pretrial matters may be referred to a magistrate judge to hear and decide. Fed. R. Civ. P. 72(a). When a magistrate judge enters a decision, the "district judge … must

consider timely objections and modify or set aside any part of" a magistrate judge's order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Here, Judge Bivins' decision is neither clearly erroneous or contrary to law. Judge Bivins denied a motion to compel a response to an unauthorized and procedurally improper brief.  In so doing, Judge Bivins twice instructed Mitchell that he must follow the Federal Rules of Civil Procedure applicable to discovery, the same as every other litigant.  Britt v. United States Gov't., 773 Fed. Appx. 494, 495-496 (11th Cir. 2019) (even though the district courts "construe *pro se* pleadings liberally, *pro se* litigants are still required to comply with the court's procedural rules.") (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam)).  Mitchell is not denied due process. He can serve Perdido with his discovery requests in the format identified in the Federal Rules of Civil Procedure.

Accordingly, Mitchell's appeal is DENIED, and the Magistrate Judge's decision is AFFIRMED.

**DONE** and **ORDERED** this 4th day of December 2024.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**