IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICO MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 24-00304-KD-B |
| | ) |
| PERDIDO TRUCKING, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Motion to Amend Complaint filed by Plaintiff Rico Mitchell (doc. 30) and Defendant Perdido Trucking, LLC's response (doc. 39).

I. Background

In August 2023, Mitchell, proceeding pro se, filed a complaint against his former employer Perdido alleging federal question jurisdiction under Title VII of the Civil Rights Act and 49 U.S.C. § 31105.[1] Specifically, Mitchell alleged discrimination based on race, hostile work environment, and wrongful termination (doc. 1). He alleged that he was "terminated … for reporting a safety issue…" (Id., p. 4). Mitchell filed his complaint in the Southern District of Mississippi. Perdido, whose principal place of business is in Mobile, Alabama, moved to transfer. The motion was granted, and the action was transferred to this Court on August 26, 2024. Perdido filed its answer that same day (doc. 17).

---

[1] Title 49 U.S.C. § 31105 is part of the Surface Transportation Assistance Act of 1982 (STAA) and "prohibits an employer from 'discharg[ing,] ... disciplin[ing,] or discriminat[ing] against an employee regarding pay, terms, or privileges of employment' because the employee 'has filed a complaint ... related to a violation of a commercial motor vehicle safety or security regulation, standard, or order.' 49 U.S.C. § 31105(a)(1)(A)(i)." Fort v. U.S. Dep't of Lab., No. 20-13998, 2023 WL 155210, at *3 (11th Cir. Jan. 11, 2023), cert. denied sub nom. Fort v. Dep't of Lab., 144 S. Ct. 140, 217 L. Ed. 2d 47 (2023).

Mitchell now seeks leave to amend add the "Surface Transportation Assistance Act of 1982 (STAA)" as a basis for federal question jurisdiction (doc. 31, p. 3). He also checked the box for "jury trial" on the Amended Complaint (Id., p. 1). Mitchell raised no argument in support of his motion (doc. 30). Instead, he writes "The plaintiff respectfully request permission to amend complaint." (Id.).

II. Analysis

At this stage in the litigation, and absent Defendant Perdido's written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). See Oltmanns v. Int'l Longshoremen's Ass'n, 837 Fed. Appx. 689, 694 (11th Cir. 2020) (Under the Federal Rules of Civil Procedure, a district court 'should freely give leave [to amend] when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Perdido states that the "proposed amended complaint does not add any new factual allegations or new claims against" it (doc. 39, p. 2).[2] Perdido explains that when Mitchell filed his complaint, he had an STAA claim based on the same allegations pending against Perdido in the Office of Administrative Law Judges for the Department of Labor (DOL) (doc. 39, p. 1-2). Perdido also explains that Mitchell sought to dismiss the STAA claim before the DOL but the DOL will not dismiss it until this Court approves Mitchell's motion for leave to amend (Id., p. 2). Thus, Perdido does not oppose allowing Mitchell to amend his complaint to clarify that he is asserting his STAA claim in this Court. Perdido agrees that allowing the claim to proceed in a single venue would serve the purpose of judicial economy. The Court finds that the relevant factors weigh in favor of granting leave to amend to clarify that Mitchell is pursuing an action pursuant to the STAA. Review of the docket does not indicate that Mitchell engaged in undue delay or bad faith or exhibited a dilatory motive, and he has not repeatedly failed to cure deficiencies by amendments previously allowed. Perdido will not be unduly prejudiced because Mitchell does not add any new facts or claims. Moreover, Perdido does not argue that allowing the amendment would be futile.

However, Perdido opposes Mitchell's motion to amend to add a jury demand. Perdido argues that Mitchell waived his jury demand by not timely raising it and that an amendment which does not introduce new issues does not renew his right to demand a jury trial (Id., p. 2-3).[3]

---

[2] Mitchell did not alter his "Statement of Claim". However, he does seek additional "Relief" – "1st Amendment violation $100,000 Punitive Damages $1,000,000 Defamation $1,000,000" (doc. 31, p. 4).

[3] The record indicates that Mitchell failed to make a jury demand in his initial complaint, which was filed August 30, 2023. He failed to make a jury demand within fourteen (14) days after Perdido answered the complaint on August 26, 2024.[3] The action is scheduled for non-jury trial in October 2025.

3

Perdido also acknowledges that in view of Mitchell's pro se status, the Court may exercise its discretion under Fed. R. Civ. P. 39[4] and allow a jury trial. But Perdido does not concede the validity or propriety of his claims or pleadings and does not concede the request for a jury trial.

Generally, when "a jury trial is not properly demanded," the district courts may "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "[T]he general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983) (quoting Swofford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir. 1964)). Under Rule 39(b), the district courts typically consider five factors: (1) whether the issues "are best tried to a jury"; (2) whether a jury trial would disrupt "the court's schedule or that of the adverse party"; (3) "the degree of prejudice to the adverse party"; (4) "the length of the delay in having requested a jury trial"; and (5) the reason for the delay. Id.

As to the first factor, claims brought pursuant to Title VII and the STAA may be tried to a jury. Allowing a jury trial would not disrupt "the court's schedule" or that of Perdido because trial is not scheduled until October 2025. Perdido would not be unduly prejudiced. Discovery does not close until March 31, 2025. Thus, the parties have time to conduct discovery in preparation for a jury trial. Also, "the length of the delay" in Mitchell's making the request – which appears to be approximately two months after he was served with the answer - is not unduly prejudicial, in view of the current schedule. Last, and not in his favor, Mitchell did not provide any reason for the delay. However, since the majority of the factors weigh in favor of

---

[4] "When No Demand Is Made. Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

allowing a jury trial, and the Court finds no strong or compelling reasons not to allow a jury trial, the Court will exercise its discretion under Rule 39 in favor of a jury trial

Accordingly, and for the reasons set forth herein, Mitchell's Motion is **GRANTED,** and the Amended Complaint (doc. 31) is deemed filed.[5]

**DONE** and **ORDERED** this 4th day of December 2024.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5] Pursuant to S.D. Ala. Civil Local Rule 15(b), Mitchell should have attached his proposed Amended Complaint to the Motion to Amend Complaint (doc. 30). However, Mitchell separately filed the proposed Amended Complaint (doc. 31), which negates the need for him to file the Amended Complaint, as required by S.D. Ala. Civil Local Rule 15(c) ("If the Court grants the motion to amend, the party must promptly file the amended pleading.").