IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICO MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 24-00304-KD-B |
| | ) |
| PERDIDO TRUCKING, LLC, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

The action is before the Court on pro se Plaintiff Rico Mitchell's ("Mitchell's") "Motion to Object to Magistrate's Order" (Doc. 49). Mitchell objects to Magistrate Judge Sonja F. Bivins' order that he respond to Defendant Perdido Trucking LLC's discovery requests by December 20, 2024 (Doc. 48).

Mitchell has refused to respond to Perdido's discovery requests.[1] At Perdido's request, Judge Bivins' presided over a telephonic discovery conference for the parties on December 6, 2024. During the conference, Mitchell acknowledged that he received Perdido's discovery requests but believed he was not required to respond to them since he had filed a Motion to Compel Perdido to respond to his brief and thought that paused the clock to respond to the discovery requests. Judge Bivins explained to Mitchell that he is required to respond to Perdido's discovery requests, and warned Mitchell that if he did not respond, he would be subject to sanctions.

Mitchell now objects to Judge Bivins' Order compelling his responses (Doc. 49). He alleges Perdido's discovery requests are speculative and that the facts set forth in his Motion for

---

[1] Perdido served its discovery on October 24, 2024.

Summary Judgment should satisfy Perdido's discovery requests. Mitchell also asserts that Perdido has "two videos plus two additional videos of mechanical issues" and "should be good to go now to proceed with" Perdido's response to Mitchell's Motion for Summary Judgment. Mitchell asks the Court to dismiss Judge Bivins' order and relieve him of the obligation to respond to Perdido's discovery by December 20, 2024.

Non-dispositive pretrial matters may be referred to a magistrate judge to hear and decide. Fed. R. Civ. P. 72(a).  When a magistrate judge enters a decision, the "district judge … must consider timely objections and modify or set aside any part of" a magistrate judge's order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Mitchell's theories as to why he does not need to respond do not support a finding that Judge Bivins' decision is clearly erroneous or contrary to law.  At the hearing, Judge Bivins thoroughly explained to Mitchell that he was procedurally obligated to comply with Perdido's discovery requests, even if he thought that his brief and Motion for Summary Judgment provided the same information to Perdido.  Judge Bivins explained to Mitchell that the Rules of Procedure require an answer to each interrogatory and require production of documents responsive to the requests for production.

The Court finds no error.  Mitchell must follow the Federal Rules of Civil Procedure, the same as every other litigant.  As part of that procedure, Mitchell must respond to Perdido's discovery request. Britt v. United States Gov't., 773 Fed. Appx. 494, 495-496 (11th Cir. 2019) (even though the district courts "construe *pro se* pleadings liberally, *pro se* litigants are still required to comply with the court's procedural rules.") (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam)).

Additionally, Mitchell is **warned** that failure to comply with Judge Bivins' Order to respond to Perdido's discovery requests, may result in dismissal of this action for failure to comply with the Court's orders. "A district court has the authority to *sua sponte*[2] dismiss a complaint for failure to comply with a court order." Thomason v. Alabama Home Builders Licensure Bd., 741 Fed. Appx. 638, 640-641(11th Cir. 2018) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Thomason, 741 Fed. Appx. at 640 (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). See Purchasing Power LLC v. Bluestem Brands, Inc., 851 F. 3d 1218, 1223 (11th Cir. 2017) (the district court has "inherent power" to "'sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (quoting Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1175 (2013)).

Accordingly, Mitchell's appeal is DENIED, and the Magistrate Judge's decision is AFFIRMED.

**DONE** and **ORDERED** this 17th day of December 2024.

                                            s / Kristi K. DuBose
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**

---

[2] Although Rule 41(b) states that a defendant may move to dismiss, the "court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802 (11th Cir. 2006).