# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RICO MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 24-00304-KD-B |
| | ) |
| PERDIDO TRUCKING, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Plaintiff Rico Mitchell's motion for summary judgment (doc. 42), Defendant Perdido Trucking LLC's Rule 56(d) motion for additional time to complete discovery and respond to Mitchell's motion for summary judgment (doc. 51), Mitchell's response (doc. 52), and Perdido's motion for relief from deadline to respond to the motion for summary judgment and supplement to its Rule 56(d) motion (doc. 55).

Mitchell filed his motion for summary judgment on December 3, 2024, approximately seven weeks after the Court entered the Rule 16(b) Scheduling Order. At that point, the parties had filed their initial disclosures and Perdido had served Mitchell with discovery requests (docs. 22, 26). After a hearing on Perdido's motion to compel, the Magistrate Judge ordered Mitchell to respond by December 20, 2024. Perdido now reports that the responses were served December 19, 2024, but the interrogatory responses were unsigned and unsworn and failed to adequately respond to the requests[1] (doc. 55, p. 2, doc. 55-1). Perdido also reports that Mitchell failed to produce certain documents (Id.) Regarding the request for production of documents,

---

[1] Mitchell frequently responded that the requested information was in his motion for summary judgment. Also, when asked for a witness list with names, addresses, email addresses, and telephone numbers, Mitchell responded "There is no information for this question currently." (doc. 55-1).

Mitchell frequently stated that Perdido already had the document requested, or that the document would be "sent shortly after this", or he needed more time to gather the documents (doc. 55-1).

Perdido moves the Court pursuant to Rule 56(d) to either deny Mitchell's motion for summary judgment as premature or defer ruling and provide Perdido additional time to conduct discovery before it responds to the motion (docs. 51, 55). Perdido argues that it does not have the discovery necessary to respond – even after receipt of Mitchell's responses to the interrogatories and requests for production - and has not had an opportunity to depose Mitchell to challenge the allegations in his affidavit (Id.). Perdido asserts that it will be prejudiced if forced to respond on December 26, 2024, because Mitchell's failure to cooperate impeded its ability to gather facts to oppose his motion and because it has "not had a fair opportunity to conduct discovery and develop a full record" (Id., p. 9, doc. 55, p. 3). As required by Rule 56(d), Perdido supports its motion with a declaration specifying the reasons it cannot present the necessary facts to support its opposition (doc. 51-1).

Rule 56(d) states that

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

In this procedural posture, where discovery has barely begun and where Perdido provides information that the discovery responses received December 19, 2024 are deficient, summary judgment is inappropriate and premature. The Court of Appeals for the Eleventh Circuit has found that "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee,

842 F.2d 1266, 1269 (11th Cir. 1988); see also Asphalt Paving Systems, Inc. v. Blacklidge Emulsions, Inc., 2022 WL 88139, at *2 (M.D. Fla. Jan. 7, 2022) ("A premature decision on summary judgment impermissibly deprives the opposing party of its right to utilize the discovery process to discover the facts necessary to justify its opposition to the motion.") (citing Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996)).  Moreover, Perdido has shown by declaration how delay in ruling on the motion for summary judgment should enable it to rebut Mitchell's argument that there is no genuine issue of fact. (doc. 51-1, p. 2-4  (identifying thirteen topics upon which discovery is necessary). See Burns v. Town of Palm Beach, 999 F. 3d 1317, 1334-1335 (11th Cir. 2021).

Upon consideration, and for the reasons set forth herein, Perdido's Rule 56(d) motion as supplemented (docs. 51, 55) is GRANTED in part, and instead of deferring a ruling, Mitchell's motion for summary judgment (doc. 42) is DENIED without prejudice to file a renewed motion at the appropriate time after discovery.

The December 26, 2024 deadline for Perdido to respond to the motion for summary judgment is cancelled.

**DONE** and **ORDERED** this 20th day of December 2024.

              s / Kristi K. DuBose
              **KRISTI K. DuBOSE**
              **UNITED STATES DISTRICT JUDGE**