# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICO MITCHELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 24-00304-KD-B |
| | ) |
| **PERDIDO TRUCKING, LLC,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

The action is before the Court on pro se Plaintiff Rico Mitchell's "Motion to Object to Magistrate Order" (doc. 75).[1] Mitchell objects to decisions made by U.S. Magistrate Judge Sonja F. Bivins during and following discovery hearings on April 9, 2025 and April 11, 2025.

Mitchell argues that Judge Bivins "denied over twenty something discovery requests" and allowed him only "three and one based on fifteen true and false questions" (doc. 75, p. 2). From this decision, Mitchell believes that "discovery is nothing but a witch hunt in pursuit of a dismissal based on federal rules and procedures" and that his right to due process under the 5th and 14th Amendments has been denied (Id.). He also argues that "the federal rules and procedures were designed to give the legal community an unfair advantage over individuals who did not study the law" and "[i]n this case the federal rules and procedures are being weaponized against" him because Judge Bivins required him to fully respond to some of Perdido Trucking, LLC's interrogatories (Id., p. 1).

---

[1] Mitchell also raises allegations regarding the conduct of court personnel. He asserts that the discovery hearing was an ambush planned by certain court clerks, individuals at the Court were following him, and the clerks were impeding his ability to litigate his case (doc. 75). Mitchell informed the U.S. Marshal and court security about the harassment and intimidation.

Non-dispositive pretrial matters may be referred to a magistrate judge to hear and decide. Fed. R. Civ. P. 72(a).  When a magistrate judge enters a decision, the "district judge … must consider timely objections and modify or set aside any part of" a magistrate judge's order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). See Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005) ("A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'") (citation omitted).   "With respect to the 'contrary to law' variant of the test, '[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083-WS-C, 2008 WL 2937804, at *3 (S.D. Ala. July 23, 2008) (citations omitted).

Mitchell does not offer any argument as to how each of Judge Bivins' decisions were clearly erroneous or contrary to law. Instead, he argues that Judge Bivins' decisions violated his constitutional right to due process.  Mitchell's general disagreement with Judge Bivins' decisions is "not the proper basis for an objection." Gordon v. Cochran, No. 19-cv-63041, 2021 WL 1099367, at *2 (S.D. Fla. Mar. 23, 2021) (citation omitted); see also United States v. Moore, 2025 WL 209036, at *1 (S.D. Ga. Jan. 15, 2025) (finding that Moore's "constitutional and other concerns constitute mere disagreements with the Magistrate Judge's rulings and are insufficient to demonstrate the rulings are clearly erroneous or contrary to law.").  And, the Court has no obligation to make Mitchell's arguments for him.  See Doscher v. James Patrick Holding, 2023 WL 6060559, at *2 (11th Cir. Sept. 18, 2023) (unreported opinion) ("Our duty to liberally construe a pro se plaintiff's complaint 'is not the equivalent of a duty to re-write it for the plaintiff.'") (quoting Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006)).

However, the Court acknowledges that Judge Bivins heard the parties' respective positions as to the deficiency of each other's discovery responses. Perdido had moved the Court to extend discovery and in that motion, identified several issues with Mitchell's response to Perdido's discovery requests (doc. 64). Mitchell had filed a document captioned "Non-responsive" wherein he listed his Interrogatories 1, 3, 5, 6, 7, 8, 9, 10, 12, 13, and 14 and the response, and requests for production 1, 8, 9, 12, 13, 14, 16, 18, and 20 and the response (doc. 69). During the two-and-one-half-hour hearing, Judge Bivins addressed each parties' discovery issues. Judge Bivins specifically addressed each of Mitchell's arguments as to why Perdido's responses were not responsive to his interrogatories or requests for production. After explaining several deficiencies, Judge Bivins told Mitchell that he could submit amended interrogatories to the extent that he did not exceed the limit in the Rule 12(b) Scheduling Order. [2]

After the hearing, Judge Bivins entered an amended Rule 16(b) Scheduling Order (doc. 74). Among other orders, Perdido was ordered to supplement its response to Mitchell's Interrogatory No. 12, no later than May 9, 2025. Mitchell was allowed to discover whether Perdido "contends that fifteen specific factual assertions[3] contained in its OSHA position statement are true and correct", and Perdido was to respond no later than May 9, 2025. Mitchell was directed to supplement his responses to Perdido's Interrogatories Nos. 1, 3, 4, 6, 9, 10 and 11,[4] and to provide any text messages, recordings or other documents that were responsive, no later than May 9, 2025.

---

[2] The Order allowed each party 25 interrogatories.

[3] Mitchell filed his fifteen True/False questions (doc. 78).
[4] Mitchell filed his supplemental responses (doc. 76).

Overall, Judge Bivins spent approximately an hour and half addressing and resolving Mitchell's discovery issues. For example, Judge Bivins spent time on Interrogatory No. 5: "Identify in full detail the description of why Mitchell had no complaints until complaining about the racial hostilities" (doc. 69, p. 2). Perdido objected that the "interrogatory on the grounds that it is incoherent and unintelligible, …" (Id.). In part, Perdido objected that the interrogatory "requires information outside Defendant's custody, care, or control and calls for Defendant to speculate as to why Mr. Mitchell acted or did not act a certain way." (Id.). Perdido answered: "Mr. Mitchell did not complain about 'racial hostilities' and instead raised a complaint regarding a single incident involving alleged racial comments" by another employee (Id.).

After discussion, Judge Bivins ascertained that Mitchell wanted information about why Perdido had not received any complaints about Mitchell until after he complained. Mitchell asserted that before he complained to Perdido's employees about racial hostilities, Perdido had not received any complaints about Mitchell, but afterward, Perdido employees began to complain about Mitchell, i.e., find fault with his work. Perdido appears to have read the interrogatory as asking Perdido why Mitchell did not complain about conditions at work before he complained about racial hostilities, which prompted Perdido to answer that the interrogatory calls for "Defendant to speculate as to why Mr. Mitchell acted or did not act in a certain way." (Id.)

Ultimately, review of the record does not leave the Court with a definite or firm belief that Judge Bivins committed clear error or failed to properly apply the rules and law. Accordingly, Mitchell's objection is overruled, and Judge Bivin's decision is AFFIRMED.

**DONE** and **ORDERED** this the 12th day of May 2025.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**