# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICO MITCHELL,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 24-00304-KD-B |
| | ) |
| **PERDIDO TRUCKING, LLC,** | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Motion to Proceed without Prepayment of Fees (doc. 145) and Notice of Appeal (doc. 141) filed by Plaintiff Rico Mitchell. Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Background

Mitchell was employed as a truck driver by Perdido Trucking LLC. He filed a complaint alleging violations of Title VII of the Civil Rights Act against Perdido in the Southern District of Mississippi (doc. 1). Mitchell was granted leave to proceed without prepayment of fees (doc. 3). On motion by Perdido, the action was transferred to the Southern District of Alabama. Mitchell subsequently amended his complaint to include a claim under the Surface Transportation Assistance Act of 1982, 49 U.S.C. § 31105. (doc. 31).

Perdido and Mitchell filed motions for summary judgment. The Court denied Mitchell's motion and granted summary judgment in favor of Perdido on Mitchell's claims (doc. 138). The action was dismissed and final judgment entered (doc. 139). He filed a notice of appeal and a motion to proceed on appeal without prepayment of fees (docs. 141, 145).

II. <u>Analysis</u>

Title 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure govern the assessment of motions to appeal without prepayment of fees, or in forma pauperis. In relevant part, the statute states as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1) & (3).

Because Mitchell was granted leave to proceed in forma pauperis in the district court, Rule 24(a)(3) applies and provides, in relevant part:

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, … may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>>
>> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Two requirements must be met. First, Mitchell must demonstrate, by affidavit, that he is still financially unable to pay fees and costs, *i.e.,* entitled to proceed in forma pauperis. Second, notwithstanding a finding of economic eligibility, the Court must find that the appeal is taken in

good faith, such that certification to the contrary cannot be made.

In his motion, Mitchell reports that he is single, has three dependents, and has been employed by J.B. Hunt for 19 months as a "driver out with injury" (doc. 145). He denies having any assets, but for $1,856.00 in a financial account, or income and asserts that "worker's comp doesn't even pay my bills" (Id., p. 1). Mitchell reports paying $1,400 monthly rental on a home. He also reports debts owed to "Navigator" and "Keesler" totaling approximately $14,000.00 for which he makes monthly payments of $500.00 (Id., p. 3). Mitchell reports that his basic living needs are met by family and friends and "when workers comp decides to pay" (Id.). He states that "all resources still depleted after being terminated by Perdido obtain work a year later and got hurt" (*sic*) (Id.). Assuming for purpose of this motion, that Mitchell has no income but for "workers comp" which may or may not be making payments and is meeting his basic living needs by way of support from family and friends, he appears entitled to proceed without prepayment of fees and costs.

The Court must now determine whether the appeal is taken in good faith. An appeal is taken in good faith when the appellant seeks "appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat. Bank, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (per curiam) citing Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962). An action "is frivolous if it is without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002), overruled on other grounds by Hoever v. Marks, 993 F.3d 1353 (11th Cir. 2021) (en banc).

Mitchell filed a notice of appeal stating that he "does not have the order and happened to receive this information from the clerk while calling to discuss other matters" (doc. 141). Also, in the motion to proceed without prepayment of fees, Mitchell is asked to make a "1. Brief

Statement as to the Nature of the Action:", to which he responds: "Workers comp doesn't even pay my bills" (doc. 145, p. 1).  Thus, the Court does not have a statement as to the nature of Mitchell's appeal.  See 28 U.S.C. § 1915(a) (1) ("… any court of the United States may authorize the … appeal … without prepayment of fees or security therefor, by a person who submits an affidavit" and "[s]uch affidavit shall state the nature of the … appeal and affiant's belief that the person is entitled to redress."). Without this information, the Court is unable to determine whether, applying an objective standard, the legal or factual theories Mitchell plans to argue are frivolous. As a result, the Court cannot certify that his appeal is taken in good faith. Accordingly, the motion to proceed in forma pauperis is **DENIED.**

    DONE and ORDERED this the 7th day of January 2026.

                                            /s/ Kristi K. DuBose
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**